IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

YANCEY EZRA BAILEY :

   Plaintiff :

v : Civil Action No.: CCB-05-146

WESTERN CORRECTIONAL INSTITUTION :

   Defendant :

. . . . .o0o. . . . .

### MEMORANDUM

The above-captioned civil rights complaint, filed on January 4, 2005, alleges that plaintiff was removed from the general population of Western Correctional Institution (WCI), improperly deprived of his property, and denied needed medical care. Paper No. 1 at p. 4. Pending in the case is defendant's motion to dismiss or for summary judgment. Paper No. 10. Although plaintiff was informed of his right to file a response to the motion and of the consequences of failing to do so, he has filed nothing opposing the motion. *See* Paper No. 11. For the reasons set forth below, defendant's motion, construed as a motion for summary judgment, shall be granted.

**Background**

Plaintiff claims that he was placed on staff alert status[1] and was not provided any items of property, other than "what [he] had on [his] back." Paper No. 1 at p. 4. He further claims that while on staff alert status he was denied his property, food, and showers for three days by Officers Dorcon, Custer, Fazenbaker, Cole, and Beeman[2]. Paper No. 4. He claims that as a

---

[1] The purpose of the staff alert was to notify prison staff that plaintiff had engaged in assaultive behavior. Paper No. 10 at Ex. 1.

[2] Although plaintiff names these officers in his amended complaint, service was never accepted on their behalf. In light of this court's conclusion that the complaint fails to state a claim, no steps will be taken to serve these individuals.

result of being deprived of food he experienced vomiting and diarrhea, but his requests for medical attention were denied. *Id*. at pp. 2–3.

Defendant claims, and plaintiff does not dispute, that plaintiff was placed on staff alert status on November 30, 2004, after he assaulted a correctional officer.[3] Paper No. 10 at Ex. 1 and 2. Although plaintiff was placed on staff alert status, he was not moved from the cell he occupied, his property was not taken, and he was permitted to leave his cell for a shower, recreation, and medical attention after his status changed. *Id*. at Ex. 1 and Ex. 2 at p. 1. On December 1, 2004, plaintiff was removed from staff alert status. *Id*. at Ex. 3, p. 2. Confinement records establish that plaintiff was provided a bag lunch prior to being removed from staff alert status. *Id*. The records also establish that plaintiff received showers on November 30 and December 2, 2004. *Id*. at Ex. 2, p. 1; Ex. 3, p. 1.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181

---

[3] Plaintiff assaulted Correctional Officer Frantz by grabbing his arm and pulling it through the feed-up slot in his cell door. *See Bailey v. Frantz*, Civil Action No. CCB-05-169 (D. Md.) at Paper No. 10, p. 3.

F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

**Analysis**

"Since 'routine discomfort' is part of prison life and 'society does not expect that prisoners will have unqualified access to health care,' in order to demonstrate the objective component of conditions-of-confinement or medical care claims prisoners must demonstrate 'extreme' deprivations or neglect of 'serious' medical needs." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996), *citing Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).

"[T]o withstand summary judgement on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.), *cert. denied*, 114 S. Ct. 393 (1993).

Plaintiff has failed to demonstrate extreme deprivation required to establish a violation

of the Eighth Amendment.  *See e.g.*, *Fruit v. Norris*, 905 F. 2d 1147 (8th Cir. 1990) (failure to provide inmates with protective gear and ignoring other dangers to personal safety when working inside a raw sewage well established Eighth Amendment violation).   The undisputed facts establish that the only action taken against plaintiff, placing him on staff alert status, was administrative in nature.  His physical location was not changed, nor were his privileges ever altered as a result of the staff alert status.  There is no evidence that plaintiff suffered from any serious medical condition, nor is there evidence that he was denied requested medical care for a serious medical need.  Moreover, there is nothing to suggest that the actions taken with respect to plaintiff's status were in any way inappropriate.  Accordingly, defendant is entitled to summary judgment.

|   December 5, 2005   | /s/ |
|---|---|
| Date | Catherine C. Blake |
|  | United States District Judge |